UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CAUSE NO.: 1:16-CR-47-3-TLS-SLC |
| SAMUEL J. GEMPLE | |

**OPINION AND ORDER**

This matter is before the Court on Defendant Samuel J. Gemple's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 310], filed on March 21, 2019. The Defendant asserts claims of ineffective assistance of counsel related to his guilty plea and his attorney's representation more generally. For the reasons set forth below, the Court DENIES the motion.

**BACKGROUND**

On July 27, 2016, the Defendant was indicted on a charge related to drug-trafficking along with five co-defendants. *See* Indictment, ECF No. 1. Specifically, the Defendant was charged with a violation of 21 U.S.C. § 846 for conspiring to distribute and possess with the intent to distribute various controlled substances, including 5 kilograms or more of a mixture and substance containing cocaine, 50 grams or more of methamphetamine, 1 kilogram or more of a mixture and substance containing heroin, and 100 kilograms or more of a mixture and substance containing marijuana. *Id.* at 1–2. Following the Defendant's arrest, attorney Stanley L. Campbell was appointed under the Criminal Justice Act to represent the Defendant. *See* ECF Nos. 29, 32.

About a year later, the Defendant entered into a plea agreement as his trial date approached. *See* Plea Agreement, ECF No. 119. Under its terms, the Defendant agreed to plead guilty to Count 1 of the Indictment that he conspired to distribute and possess with intent to

distribute 100 kilograms or more of marijuana. *Id.* ¶ 8(a). Importantly, the agreement also included the following statement:

> I understand that the maximum possible penalties that may be imposed upon me for my conviction of the offense charged in Count 1 of the Indictment are as follows: because I have a prior final conviction for a felony drug offense, imprisonment of not less than 10 years and not more than life, a fine of not more than $8 million, or both such fine and imprisonment, a supervised release term of at least 8 years, forfeiture of any items later specified in a bill of particulars, and a $100 special assessment.

*Id.* ¶ 8(b). The government agreed to recommend a sentence equal to the 10-year mandatory minimum. *See id.* ¶ 8(c)(ii).

A change of plea hearing was held on August 15, 2017. ECF No. 145. During the hearing, the Defendant was deemed competent, he confirmed that he discussed the case with his attorney and was satisfied with his representation, and he stated that he read and understood the terms of his plea agreement. *See* Plea Hr'g 5:7–23, 7:14–25, ECF No. 252. The Defendant also stated that no one made any promises or assurances that were not contained in the agreement and that no one threatened or forced him to accept the plea agreement. *Id.* at 8:1–10, 10:23–11:4. As for the Defendant's possible sentence, the Court twice advised him about the mandatory minimum sentence he faced if he pleaded guilty. First, the Court inquired whether the Defendant understood the consequences of his plea—namely, that he faces a penalty of "not less than 10 years and not more than life." *Id.* at 11:19–12:6. The Defendant responded "Yes." *Id.* at 12:7. Second, the Court asked whether the Defendant understood that "the Court has no authority to sentence you below a statutory mandatory minimum term, which in this case is 10 years." *Id.* at 13:21–24. Again, the Defendant responded "Yes." *Id.* at 13:25. The Defendant ultimately pleaded guilty to Count 1 of the Indictment. *Id.* at 26:10–13.

Following the change of plea hearing, a Presentence Investigation Report (PSR) was prepared by the United States Probation Office. *See* ECF No. 203. The PSR provided that the Defendant had an offense level of 23 and a criminal history category of III, resulting in a guideline imprisonment range of 57–71 months. However, that range was overridden by a 10-year mandatory minimum sentence based on the amount of the controlled substance (100 kilograms or more of marijuana) and because the Defendant had a previous felony drug conviction. Neither party objected to the PSR. *See* ECF Nos. 187, 202.

On February 2, 2018, the Court held the Defendant's sentencing hearing and imposed the statutory minimum of 120 months and 8 years of supervised release. ECF Nos. 215, 216. During the hearing, the Defendant confirmed that he had "sufficient opportunity to review the presentence report and the addendum, and to discuss those documents with [his] attorney prior to" the hearing. Sentencing Hr'g 4:7–11, ECF No. 253. He also stated that he was satisfied with his attorney's representation in the case. *Id.* at 11:1–4.

The Defendant appealed shortly thereafter, ECF No. 223, and on December 7, 2018, the Court of Appeals for the Seventh Circuit dismissed the case. *United States v. Gemple*, 744 F. App'x 950, 951 (7th Cir. 2018).[1] The Defendant argued "that his plea was unknowing and involuntary because he thought his sentence would be lower" and "that his lawyer never told him that he could withdraw his plea." *Id.* at 950. The Seventh Circuit rejected this argument, stating:

> Here, we would see no reason to disturb his guilty plea because the judge complied with Federal Rule of Criminal Procedure 11. During the plea colloquy, the judge asked Gemple if he had read, discussed, and understood the plea agreement, which included the statutory minimum ten-year sentence; Gemple replied yes. Further, the judge twice reminded Gemple of the ten-year minimum sentence before taking his plea; Gemple replied that he understood. We would see no reason to disbelieve Gemple's sworn statements and disturb his guilty plea.

---

[1] The Seventh Circuit also granted appellate counsel's motion to withdrawn under *Anders v. California*, 386 U.S. 738 (1967), asserting that the appeal was frivolous. *Gemple*, 744 F. App'x at 950–51.

*Id.* The Circuit further held that the Defendant could not challenge his sentence due to an appeal waiver included in his plea agreement. *Id.* at 951. Finally, it determined that the Defendant's remaining argument—i.e., that he would not have pleaded guilty except for ineffective assistance of counsel—was better saved for collateral review. *Id.*

On March 21, 2019, the Defendant filed the instant motion pursuant to § 2255 [ECF No. 310], framing his claim as one of ineffective assistance of counsel. He specifically raises three arguments: (1) his plea was not knowing, willing, or voluntary because his attorney did not inform him of the sentencing enhancement that caused a 10-year mandatory minimum; (2) his attorney never informed him that he could withdraw his plea; and (3) general claims of ineffectiveness, including his attorney pushing back the trial date without consulting him, refusing to give him access to discovery outside of his lawyer visits, and sending him the PSR after the opportunity to object had passed. *See* Mot. 13–15, ECF No. 310. The Defendant also filed a "Narrative" that describes additional concerns about his case and his attorney's representation, *id.* at 16–18, as well as the Defendant's "Sworn Affidavit" that lists four statements apparently made by his attorney, *id.* at 19. The Government filed a Response [ECF No. 316] on April 29, 2019, and the Defendant did not file a reply.

## ANALYSIS

Under 28 U.S.C. § 2255(a), a prisoner convicted of a federal crime may move the sentencing court to vacate, set aside, or correct a sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Motions to vacate a conviction or sentence ask the district court to grant an extraordinary remedy to one who

already has had an opportunity for full process." *Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir. 2006). Section 2255 motions are "neither a recapitulation of nor a substitute for a direct appeal." *Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007) (quoting *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996)).

The Defendant's § 2255 motion presents various grounds for relief all brought under the umbrella of ineffective assistance of counsel. A defendant claiming ineffective assistance must show that his "'counsel's performance was deficient' and 'the deficient performance prejudiced the defense.'" *Bridges v. United States*, 991 F.3d 793, 803 (7th Cir. 2021) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). This requires the defendant to show "(1) that his trial attorney's performance fell below an objective standard of reasonableness, and (2) that he suffered prejudice as a result." *Edmond v. United States*, 899 F.3d 446, 452 (7th Cir. 2018) (citing *Strickland*, 466 U.S. at 687–96). To show that an attorney's performance fell below an objective standard of reasonableness, the defendant must identify "specific acts or omissions by his counsel" that form the basis of his ineffective assistance claim. *Blake v. United States*, 723 F.3d 870, 879 (7th Cir. 2013) (citing *Wyatt v. United States*, 574 F.3d 455, 458 (7th Cir. 2009)). Further, a defendant attempting to establish that he has been prejudiced "must show 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Bridges*, 991 F.3d at 808 (quoting *Strickland*, 466 U.S. at 694). Indeed, "[b]ald allegations of prejudice are insufficient to demonstrate ineffective assistance of counsel." *United States v. Redd*, No. 1:03-CR-53, 2007 WL 1724900, at *8 (N.D. Ind. June 11, 2007) (citing *Barkauskas v. Lane*, 946 F.2d 1292, 1295 (7th Cir. 1991)). If a defendant cannot

establish one of the *Strickland* prongs, a court need not consider the other. *Groves v. United States*, 755 F.3d 588, 591 (7th Cir. 2014).

Broadly speaking, the Defendant raises two groups of arguments in his motion. First, his arguments about the guilty plea, which include that his plea was unknowing and involuntary due to his attorney's representations about his sentence and that he was not told he could withdraw his plea. Second, he raises a host of concerns about his attorney's representation more generally, including issues with communication, access to discovery, and how to proceed with the case. The Court addresses these arguments in turn.

**A.      Arguments About the Defendant's Guilty Plea**

At the outset, the Defendant's arguments regarding his guilty plea and his ability to withdraw the plea run into an obstacle: the Seventh Circuit has already rejected these arguments on direct appeal. This creates problems for the instant motion because "[i]ssues that were raised on direct appeal may be not reconsidered on a § 2255 motion absent changed circumstances." *Varela*, 481 F.3d at 935–36; *see also Vinyard v. United States*, 804 F.3d 1218, 1227 (7th Cir. 2015) (explaining that a challenge to a plea on direct appeal "would have yielded procedural default, and without the benefit of the factual development that collateral attack permits"). Changed circumstances that might warrant consideration of a previously raised issue include changes to the law or the facts. *See Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995).

No such circumstances exist here. The arguments presented in the § 2255 motion are substantively the same as those presented to and rejected by the Seventh Circuit. The Defendant did not elaborate on either argument in his current motion by, for example, supplying new facts for consideration, nor has he provided any other reason for the Court to reconsider the Seventh Circuit's decision. *See Fuller v. United States*, 398 F.3d 644, 648 (7th Cir. 2005) (explaining that

a court will not reconsider the same issue "unless there is some good reason for reexamining it"). In effect, the Defendant is requesting a new (and contrary) decision on these claims, but such a request is not properly brought in a § 2255 motion. *See United States v. Flores*, 739 F.3d 337, 341 (7th Cir. 2014) ("A collateral attack cannot be used to obtain a second opinion on an argument presented and decided earlier.").

Nevertheless, these arguments do not warrant setting aside his sentence. For the Defendant's claim to succeed, he "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Anderson v. United States*, 981 F.3d 565, 576 (7th Cir. 2020) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). This requires more than a mere insistence that he would have gone to trial; rather, the Defendant must provide objective evidence that he would not have pleaded guilty. *Hutchings v. United States*, 618 F.3d 693, 697 (7th Cir. 2010). Here, the Defendant claims he would have gone to trial because he obtained no benefit from the plea agreement and that he would have likely received a sentence of 57–71 months had he gone to trial. Not only are these post-hoc assertions insufficient for relief, *see United States v. Merrill*, 23 F.4th 766, 771 (7th Cir. 2022), but they are also not true. A sentence of 57–71 months was not available because the Defendant's previous felony drug conviction resulted in a mandatory minimum under the relevant statute. *See* 21 U.S.C. § 846; 21 U.S.C. § 841(b)(1)(A)–(B) (2010).[2] Additionally, by only pleading guilty to the marijuana, the Defendant benefited from having the mandatory minimum dropped 10 years. Had he not pleaded guilty, he was exposed to a 20-year minimum due to his alleged involvement with 1 kilogram or more of heroin. *See id.* § 841(b)(1)(A) (2010). Thus, the Defendant has not plausibly shown that he would have gone to trial.

---

[2] Following the Defendant's sentence, a new version of § 841 became effective on December 21, 2018. *See* 21 U.S.C. § 841 (2018).

More importantly, any deficiency in the Defendant's attorney's explanation of the 10-year mandatory minimum sentence was cured by the Rule 11 colloquy. *See Flores v. United States*, 653 F. App'x 472, 475 (7th Cir. 2016) (citing *Vinyard*, 804 F.3d at 1226). As the Seventh Circuit explained on direct appeal, the Defendant confirmed during the hearing that he understood the plea agreement and that there was a 10-year mandatory minimum. Those statements are generally binding on the Defendant, and his current assertion that he did not understand the plea agreement or that he was lied to by his attorney will not undo those sworn statements. *See United States v. Collins*, 796 F.3d 829, 834 (7th Cir. 2015) ("If a motion is premised on defendant's untruthfulness during plea proceedings, a court may (unless the defendant has a compelling explanation) reject that motion out of hand.").

The Defendant has the same problem establishing prejudice with regard to any failure by his attorney to inform him about withdrawing his plea. In order to withdraw a plea after it was accepted by a court, a defendant needs to provide "a fair and just reason." *Merrill*, 23 F.4th at 769 (quoting Fed. R. Crim. P. 11(d)(2)(B)). The only reason the Defendant offers is his misunderstanding about the mandatory minimum sentence, which, again, contradicts his sworn statements during the plea colloquy. Therefore, there is no compelling reason for the Court to overturn the Defendant's guilty plea. *See Collins*, 796 F.3d at 834; *see also Perrone v. United States*, 889 F.3d 898, 909 (7th Cir. 2018) (noting that the late request for withdrawal and risk associated with withdrawing a guilty plea "make it doubtful that the district judge would have permitted him to withdraw his plea").

Accordingly, the Defendant's claims related to his attorney's explanation about the mandatory 10-year sentence and the ability to withdraw a plea fail to provide a basis for relief.

B.      **Other Arguments About His Attorney's Representation**

The Defendant's remaining arguments involve various issues he had with his attorney's representation. However, none of these concerns amount to ineffective assistance of counsel because the Defendant fails to show either deficient performance or a reasonable probability that the outcome of his case would have been different.

First, the Defendant argues that his attorney sought continuances of the trial date without consulting him. This is not a valid basis for relief because an attorney is "not required 'to obtain the defendant's consent to every tactical decision,' particularly those within an attorney's expertise." *Harris v. United States*, 13 F.4th 623, 631 (7th Cir. 2021) (quoting *Florida v. Nixon*, 543 U.S. 175, 187 (2004)); *see United States v. Gearhart*, 576 F.3d 459, 463 n.3 (7th Cir. 2009) (explaining that an attorney does not need to obtain consent before making a tactical decision like seeking a continuance). Furthermore, his trial date was continued twice—notably, with the agreement of his co-defendants—to allow for more time to review voluminous discovery. *See* ECF Nos. 79, 104. There is nothing to suggest that these continuances were unreasonably requested, and any failure to consult on these matters does not amount to ineffective assistance.

Second, the Defendant argues that his attorney would not allow him access discovery and that he was only able to view it during his lawyer visits. While the Court recognizes that the Defendant has a right to be "informed of important developments in the course of the prosecution," *Strickland*, 466 U.S. at 688, that does not mean his attorney was required to provide complete access to discovery, *see United States v. Stork*, No. 3:10-CR-132, 2014 WL 1766955, at *7 (N.D. Ind. May 1, 2014) (concluding that a defendant is not entitled to receive access to discovery materials from counsel); *cf. Mendoza v. United States*, 755 F.3d 821, 831–32 (7th Cir. 2014) (holding that there was not ineffective assistance for failing to translate discovery

into the defendant's native language). Here, the Defendant has not described how he was harmed by the limits on his access to discovery or that the limits affected his decision to plead guilty.

Third, he claims that his attorney sent him the PSR late and only after he was able to contest any of its contents. The Defendant does not, however, identify any portion of his PSR that is objectionable such that his sentence would have been different. His entire focus has been on the 10-year mandatory minimum, but, given the Defendant's guilty plea and his underlying felony conviction, there was no valid basis to contest that portion of his PSR. This argument also conflicts with the Defendant's statements at the sentencing hearing, during which he confirmed that he had an opportunity to review the PSR with his attorney and that he was satisfied with his attorney's representation. *See Kavanaugh v. United States*, No. 3:19-CV-156, 2022 WL 951384, at *3 (N.D. Ind. Mar. 30, 2022) (denying habeas relief under similar circumstances).

Fourth, the Defendant argues that his attorney pressured him into cooperating with the government and pleading guilty by telling him he would get a 20-year sentence if he proceeded to trial. This advice was not far-fetched considering the Defendant in fact risked a 20-year mandatory minimum had he gone to trial and the Defendant has not mentioned any viable defense he could have raised. Still, the Defendant argues (without legal basis) that he would have received a more lenient sentence had he gone to trial due to the history reflected in his PSR. But as explained, this belief does not exhibit a realistic assessment of "the respective consequences" of going to trial versus taking the plea. *Lee v. United States*, 137 S. Ct. 1958, 1966 (2017). And the Court finds it difficult to believe that the Defendant would have chosen to go to trial under those circumstances. *See id.* (noting that a defendant facing "long odds will rarely be able to show prejudice from accepting a guilty plea that offers him a better resolution than would be likely after trial").

Finally, the Defendant claims that his attorney was ineffective for not arguing that the "Holder Memorandum" applied to his case, which would have allowed him to avoid the penalty enhancement. Even assuming the Defendant's case fell into the memo's guidelines, that memo "is simply a policy statement and does not provide a legal basis on which a defendant can challenge a statutory mandatory minimum sentence." *United States v. Reed*, 576 F. App'x 60, 62 (2d Cir. 2014). This is because internal prosecutorial guidelines do not create substantive rights for a defendant, so the Court does not review their application. *See United States v. Fletcher*, 634 F.3d 395, 405 (7th Cir. 2011); *see also Snodgrass v. United States*, No. 12-cv-50, 2013 WL 6096533, at *4 (S.D. Ill. Nov. 20, 2013) (explaining that possible violations of prosecutorial guidelines cannot be "shoehorned in under an ineffective assistance of counsel argument"). Thus, the Defendant's ineffective assistance claim cannot rest on his attorney's advice regarding the Holder Memorandum.

Accordingly, the Defendant's various arguments asserting ineffective assistance of counsel fail to justify relief under § 2255.

**C.     Evidentiary Hearing**

Although the Defendant did not specifically request an evidentiary hearing, the Court concludes that there is no need for one. "An evidentiary hearing on a § 2255 motion is required unless the record 'conclusively show[s] that the prisoner is entitled to no relief.'" *Harden v. United States*, 986 F.3d 701, 707 (7th Cir. 2021) (quoting 28 U.S.C. § 2255(b); citing *Kafo*, 467 F.3d at 1067). Thus, when a petitioner fails to support a § 2255 motion with "a detailed and specific affidavit which shows that the petitioner had actual proof of the allegations going beyond mere unsupported assertions," no hearing is required. *Galbraith v. United States*, 313 F.3d 1001, 1009 (7th Cir. 2002) (quoting *Prewitt v. United States*, 83 F.3d 812, 819 (7th Cir.

11

1996)). Having reviewed the Defendant's allegations, the Court concludes that he has not put forth "facts supporting each ground" of relief requested, which if proven true, would entitle him to relief. Rule 2(b)(2) of the Rules Governing Section 2255 Proceedings. Therefore, the Court denies the Defendant's § 2255 Motion without an evidentiary hearing.

## NO CERTIFICATE OF APPEALABILITY

The Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2255 Proceedings. A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, 893 n.4 (1983)). The Court finds that the Defendant has failed to show that reasonable jurists could debate whether his motion presents a viable ground for relief. Therefore, the Court will not issue the Defendant a certificate of appealability.

## CONCLUSION

For the reasons stated above, the Court DENIES the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 310]. Further, the Court DENIES a Certificate of Appealability.

SO ORDERED on June 17, 2022.

      s/ Theresa L. Springmann
      JUDGE THERESA L. SPRINGMANN
      UNITED STATES DISTRICT COURT